# Exhibit 1

Electronically Filed by Superior Court of California, County of Orange, 12/15/2020 08:51:50 PM.
30-2020-01174735-CU-OR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-00234-CJC-JDE   Document 1-1   Filed 02/04/21   Page 2 of 14   Page ID #:5

Vasu Vijayraghavan
SBN #310372
1968 S. Coast Highway #169
Laguna Beach CA 92651
619-517-4563
vvijay081@gmail.com
Attorney for Plaintiff

IN THE SUPERIOR COURT

FOR THE COUNTY OF ORANCE

Madlen Dye,

    Plaintiff

VS

Loancare, LLC,; CIT Bank;

And DOES 1 through 100

    Defendants

No: 30-2020-01174735-CU-OR-CJC

**UNLIMITED CIVIL CASE**

Assigned for All Purposes
Judge James Crandall

**VERIFIED COMPLAINT**

1) **Violation of California Civil Code §2923.6 et seq.**
2) **Gross negligence**
3) **Violation of California Rosenthal Fair Debt Practices Act (California Civil Code § 1788 et seq)**
4) **Intentional Infliction of emotional distress**
5) **Violation of California Business and Professions (Code § 17200 et seq.)**
6) **Negligent interference with prospective economic advantage**
7) **Violation of Truth in Lending Act (15 USC §1601 et seq.)**
8) **Unconscionability**
9) **Accounting**
10) **Breach of contract**

**JURY TRIAL DEMANDED**

AND NOW COMES Plaintiff Madlen Dye, by and through her attorney, and states the following:

1
M DYE PLEADING

AND NOW COMES Plaintiff Madlen Dye, by and through her attorney, and states the following:

## COMMON OPERATIVE ALLEGATIONS

1) Plaintiff is an individual residing in Orange County.
2) The property which is the subject matter of the present complaint is located in Ladera Ranch, Ca. Plaintiff purchased the subject property in July 2007 (Exhibit 1 attached is the original Deed of trust).
3) Defendant Loancare, LLC is a corporation based out of Virgiinia.
4) Defendant CIT Bank is a corporation based in Pasadena, Ca.
5) On or around July 2017, Plaintiff got an offer for loan modification on her loans based on a trial payment plan.
6) Plaintiff adhered to the trial payment plan, but CIT Bank refused to modify the loan payments.
7) CIT representative claimed they were unaware of the payments as of November 20, 2017
8) Defendant CIT Bank thereafter wrote letters to Plaintiff, dated October 3, 2017, October 23, 2017 stating that she had fallen behind on the payments.
9) CIT Bank stated to Plaintiff that she had to cure her alleged default before December 22, 2017 in the sum of $5,55.53 and another letter asking to cure default of $7,592.03 or that foreclosure would entail.
10) CIT then claimed that they were offering modification due to the timing of the receipt of funds; however the customer service representative was unaware that Plaintiff had made a payment to bring the loan current.

11) Prior to that, Plaintiff had been "offered" a point-of-contact representative, a certain Brian McCubbins. This information was not known to the service representative Plaintiff called.

12) Plaintiff has two loans with Defendant CIT Bank, whose purported servicer is Loancare,LLC totaling $475,000 and $100,000 respectively.

13) Plaintiff thereafter filed a complaint with the CFPB (Exhibit 2 attached).

14) On or around July 2019, Plaintiff sought to enter into a loan forbearance with Defendant CIT, knowing that her forbearance on these loans ended on 6/12/2020 and 7/1/2020, respectively.

15) On July 23, 2019, Plaintiff inexplicably was notified of a change in mortgage payments (Exhibit 3 attached).

16) On or around November 2019, Plaintiff inquired about the underlying homeowner's insurance policy on subject property.

17) On November 19, 2019, Plaintiff received a non-responsive letter from Defendant Loancare, LLC (Exhibit 4 attached).

18) On November 28, 2019, Plaintiff was "informed" that her hazard insurance had "expired" even though that was not true. (Exhibit 5 attached)

19) A forbearance was thereafter offered to Plaintiff, which was slated to end on 6/12/2020 and 7/1/2020, respectively.

20) On August 3, 2020, Defendant Loancare, LLC offered a new forbearance payment with a suspended payment (Exhibit 6 attached).

21) Prior to that, Plaintiff was told that the new "assignee" of her mortgage was CIT Bank without justification (Exhibit 7 attached)

22) On March 25, 2020, Defendant Loancare requested justification of homeowners insurance.

However, it should be noted that such proof had already been provided.

23) Despite the protests of Plaintiff, Defendant Loancare continued to withdraw the hazard insurance from Plaintiff's escrow accounts.

24) On August 5, Plaintiff called Defendant Loancare and spoke with a certain Ann who was asking Plaintiff for the same mortgage assistance and borrowers paperwork. That same day, Plaintiff sent an email to Loancare's loss mitigation department for Loan # 550018351. That same day, Plaintiff called Loancare again and spoke with a certain Megan. Plaintiff explained that the same borrowers expense statement that she had already sent to the Loss Mitigation department on July 21, 2020.

25) On August 8, 2020, Plaintiff received an email from Loan Care, a person called Whiddon Saletha to "send missing documents for Loan Number ending #83511.

26) That same day, Plaintiff received a robo call from Loan Care at 12:12 PM. At 12:45 pm, Plaintiff called back and Loan Care hung up twice stating they were busy.

27) On August 10, 2020, Plaintiff requested modification paperwork but did not receive it. Plaintiff then emailed a request for loan modification for Loan Number ending #1881 addressed to Megan (ID# 77631) and Louis Zelinski. That same day, Plaintiff called Loancare to ask for loan modification paperwork (loan ending #3511). Plaintiff spoke with Silvia, which directed Plaintiff to the loan modification department. Plaintiff wanted to modify loans since Plaintiff's child support was going to be $2000 less by her divorce agreement.

28) The next day, Plaintiff received an email from a certain Amber Williams, which Loancare allegedly designated as a single point of contact. The loss mitigation department asked Plaintiff to follow up in five business days.

29) On August 27, 2020, Plaintiff called Loancare to follow up to determine if any additional documents were needed to complete her loss mitigation package. Plaintiff then spoke with a certain Betsy, ID #83872 and then with Angie ID # 8780 after Betsy hung up on Plaintiff.

30) That same day, Plaintiff emailed her hardship letter to loancare for Loan #55028351. That same day, 19 pages was scanned and emailed to loss mitigation department ending in #1881.

31) On August 30,2020, Plaintiff received a letter from Loancare, providing written confirmation that loss mitigation received paperwork on Loan ending #1881.

32) On September 1, 2020, letter was sent from Loancare to Plaintiff for loan ending 1881 stating that Sherita McNair was Plaintiff's mortgage resolution advocate and single point of contact.

33) On September 4, an email was sent from Loancare from a certain Saletha Whiddon stating that she was the point of contact and indicating that the lease agreement was still missing, even though the lease agreement with the roommate had been sent on September 4 for both loans.

34) Plaintiff was similarly given the runaround regarding allegedly missing documents, with different points of contact at each time, including a certain "Eric", "D'Angelo Brown".

35) On the hazard insurance issue, Plaintiff was double paying for hazard insurance; Defendant Loancare, LLC did not adequately respond to Plaintiff's protests.

36) On October 2020, Defendant Loancare "assigned" to Plaintiff a mortgage resolution associate. (Exhibit 8 attached), upon Plaintiff contacting Defendant for forbearance assistance due to COVID related issues.

37) Plaintiff tried to get information on her loan modification application, and got a different "representative" almost with each different phone call.

38) Between September 2020 and October 2020, Plaintiff got multiple different "point of contact" representatives, each one of them asking for different documents. Emails were not replied to, phone calls were left unanswered, robo calls were initiated, interfaces between alleged "point of contact" representatives and the loan modification department were uncertain.

39) One point of contact left Plaintiff a message on September 25, 2020 at 8:46 am, another on October 2, 2020 at 12:38 pm, another at 1:15 pm the same day, and another on October 6, 2020 at 8:38 am and at 10:15 am.

40) At the present date, Plaintiff has still not received a loan modification package from Defendant CIT notwithstanding that she had met the "trial payment" plan criteria.

## FIRST CAUSE OF ACTION

### Violation of California Civil Code § 2923

### (As to all defendants)

41) Plaintiff incorporates by reference herein allegations 1 through 40.

42) Plaintiff alleges that Defendants have violated the "point-of-contact" requirements of California Civil Code § 2923.

43) Plaintiffs have employed multiple representative and have given Plaintiff the run-around, providing different representatives at every turn.

44) In addition Plaintiff has not had any follow-through on her APPROVED loan modification in 2017.

45) Defendants blatantly violated the requirements of California Civil Code §2923 regarding a SINGLE point of contact regarding loan modification, which, despite Plaintiff's efforts over two years now, has not borne fruition.

## SECOND CAUSE OF ACTION

### Gross negligence

### (As to all Defendants)

46) Plaintiffs incorporate by reference herein allegations 1 through 45.

47) Plaintiff alleges that Defendants had a duty of care to Plaintiff.

48) The duty of care to Plaintiff by Defendants is defined by the above-mentioned statute, as well as by their contractual obligations as well as by their long-standing relation with Plaintiff, and the one-sided, asymmetric relation they had with Plaintiff.

49) Defendants violated that duty of care by not providing Plaintiff a modification, providing no basis *after she had satisfied the requirements of the trial period, which they had verified by their contractual obligations.*

## THIRD CAUSE OF ACTION

### Violation of California Rosenthal

### (As to all Defendants)

50) Plaintiff incorporates by reference herein allegations 1 through 49.

51) Plaintiff alleges that Defendants violated California Rosenthal by the repeated phone calls to Plaintiff providing different information at each point.

52) Defendants also violated California Rosenthal by removing sums from her escrow account without justification.

53) Defendants also violated California Rosenthal by their repeated and harassing robo-calls made to Plaintiff.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of emotional distress.

### (As to all Defendants)

54) Plaintiff incorporates by reference herein allegations 1 through 53.

55) Plaintiff alleges that Defendants inflicted considerable emotional distress on Plaintiff when she was in a situation of financial distress.

56) Plaintiff alleges that Defendant knowingly and recklessly inflicted onto Plaintiff such distress, *knowing her tenuous financial positions.*

## FIFTH CAUSE OF ACTION

### Violation of California Business and Professions Code § 17200 et seq.

### (As to all Defendants)

57) Plaintiff incorporates by reference herein allegations 1 through 56.

58) Plaintiff alleges that Defendants engaged in unfair business practices when they refused to follow through on the loan modification even after Plaintiff satisfied the trial payment offers.

59) Thereafter Plaintiff suffered considerable loss of income since she is now making mortgage payments at an unaffordable interest rate.

60) Defendants also violated California Business and Professions Code §17200 et seq. by making

affirmations to Plaintiff, such as the "trial period" for the loan modification and not following through.

## SIXTH CAUSE OF ACTION

### Negligent Interference with prospective advantage

### (As to all Defendants)

61) Plaintiff incorporates by reference herein allegations 1 through 60.

62) Plaintiff alleges that Defendants, by not following through on their modification has caused considerable financial distress to Plaintiff.

63) Plaintiff, by paying the extremely high mortgage has been shut out of opportunities she otherwise might have had, as a homeowner and working mother.

## SEVENTH CAUSE OF ACTION

### Violation of Truth in Lending Act

### (As to all Defendants)

64) Plaintiff incorporates by reference herein allegations 1 through 62.

65) Plaintiff alleges that Defendant violated TILA by not disclosing to her the basis of the deductions from escrow of the alleged "hazard insurance" payments.

## EIGHT CAUSE OF ACTION

### Unconscionability

### (As to Defendant CIT Bank)

66) Plaintiff incorporates by reference herein allegations 1 through 65.

67) Plaintiff alleges that Defendants have kept Plaintiff hanging for two years on the loan modification, despite the fact that, she came through the "trial period" with flying colors.

68) Plaintiff alleges that Defendants engaged in unconscionable behavior by not adhering to their contractual obligations and used their asymmetric power to not respond to Plaintiff's continual requests.

### NINTH CAUSE OF ACTION

### Accounting

### (As to Defendant Loancare,LLC)

69) Plaintiff incorporates by reference herein allegations 1 through 68.

70) Plaintiff alleges that Defendant Loancare never provided a proper accounting of their withdrawals from Plaintiff's escrow account nor did they provide justification of such.

### TENTH CAUSE OF ACTION

### Breach of contract

### (As to all Defendants)

71) Plaintiff incorporates by reference herein allegations 1 through 70.

72) Plaintiff alleges that Defendant CIT Bank breached their "trial payment" contract with her.

73) Such a plan should have led to the promised modification once Plaintiff met the requirements of the "trial payment" plan-however it did not.

74) Plaintiff alleges that Defendants therefore breached their contract with her.

75) Plaintiff also alleges that Defendant Loancare breached their contract with her regarding the accounting for escrow, hazard insurance, as well as their implicit contract-in-fact to transmit her emails to the loss mitigation department.

### WHEREFORE

Plaintiff prays for the following relief:

a) Compensatory damages not less than three years of mortgage payments at the lower rate that was promised by Defendant.

b) Consequential damages consisting of the impact of such mortgage relief would have had on her ability to find alternative sources of funding that the lower mortgage payments would have afforded her for other projects.

c) Attorney fees and costs.

d) Punitive damages for Defendant's reckless conduct.

e) And other such relief that the court considers just and proper.

Respectfully submitted:

Date: 12/15/2020

_____

Vasu Vijayraghavan

Plaintiff's attorney

Verification of Pleading (Code Civ. Proc., § 446)

I, Madlen Dye, am the Plaintiff in the above-entitled matter. I have read the foregoing pleading and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Executed on Dec.12, 20__, at Orange (county), California.

I declare (or certify) under penalty of perjury of the laws of the state of California that the foregoing is true and correct

_____
Madlen Dye

Electronically Filed by Superior Court of California, County of Orange, 01/11/2021 08:00:00 AM.
30-2020-01174735-CU-OR-CJC - ROA # 11 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.
Case 8:21-cv-00234-CJC-JDE Document 1-1 Filed 02/04/21 Page 13 of 14 Page ID #:16

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Vasumathi Vijayraghavan, 310372<br>Vasumathi Vijayraghavan<br>31525 Larga Vista<br>Valley Center, CA 92082<br>TELEPHONE NO.: 6195174563<br>ATTORNEY FOR *(Name)*: Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Orange County
700 Civic Center Drive West
Santa Ana, CA 92702-1994

PLAINTIFF/PETITIONER: Madlen Dye

DEFENDANT/RESPONDENT: Loancare, LLC; et al.

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER: 30-2020-01174735-CU-OR-CJC

Ref. No. or File No.:

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Civil Case Cover Sheet, Complaint

3. a. Party served: Loancare, LLC

   b. Person Served: CSC - Nicole Stauss - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/04/2021    (2) at (time): 1:35PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Loancare, LLC
   under: Other: Limited Liability Company

7. **Person who served papers**
   a. Name:       Tyler Anthony DiMaria
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/04/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15683482

Electronically Filed by Superior Court of California, County of Orange, 01/11/2021 08:00:00 AM.
30-2020-01174735-CU-OR-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.
Case 8:21-cv-00234-CJC-JDE Document 1-1 Filed 02/04/21 Page 14 of 14 Page ID #:17

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Vasumathi Vijayraghavan, 310372<br>Vasumathi Vijayraghavan<br>31525 Larga Vista<br>Valley Center, CA 92082<br>TELEPHONE NO.: 6195174563<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Orange County
700 Civic Center Drive West
Santa Ana, CA 92702-1994

PLAINTIFF/PETITIONER: Madlen Dye

DEFENDANT/RESPONDENT: Loancare, LLC; et al.

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER:
30-2020-01174735-CU-OR-CJC

Ref. No. or File No.:

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet

3. a. Party served: CIT Bank
   b. Person Served: CT Corp - Daisy Montenegro - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/04/2020  (2) at (time): 1:15PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   CIT Bank
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name: Mario Lopez
   b. Address: One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.:
         (iii) County:

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/04/2021

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15683483